UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CLAUDE MORRIS, | ) CV 14-6618-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

I. PROCEEDINGS

Plaintiff applied for SSI benefits in December, 2011, alleging disability since March 1, 1986. An ALJ issued an unfavorable ruling (A.R. 19-37), and the Appeals Council denied review. This action followed, and the parties have consented to the jurisdiction of the magistrate judge. After reviewing the pleadings and the Administrative Record, the court determines that the matter should be reversed and remanded for further proceedings.

## II. DISCUSSION

The sole issue is whether the ALJ properly considered plaintiff's excess pain testimony and made a proper adverse credibility finding. As discussed below, the court finds that the ALJ's credibility finding was not based on substantial evidence; was based on a misreading of the medical records; and ignored plaintiff's clear testimony about pain medication.

It is agreed by the parties that plaintiff had degenerative disc disease and central canal stenosis. These conditions are normally expected to give rise to a certain degree of pain. Plaintiff complained of extreme and constant pain in both legs and his back, and that he is unable to sit or stand more than 30 minutes at a time. He testified that he is unable to walk more than 15 minutes at a time, and fell twice the week before the hearing.

The ALJ discredited plaintiff's pain testimony (A.R. 26), finding that the objective medical evidence was inconsistent with the allegations of extreme and constant pain. The ALJ specifically cited to a "June 1, 2012" incident (the actual date was August 16, 2010), in which plaintiff sustained a laceration to his left axilla after jumping over a wrought iron fence. From this, the ALJ concludes that plaintiff's back and leg pain "did not prevent him from engaging in somewhat strenuous activity at this time", and that even after this incident, he "presented with a steady gait"; thereby supporting an adverse credibility finding as to the years of orthopedic pain of which plaintiff complained.

The ALJ also cherry-picked one finding from a March 2012 orthopedic examination in which the examiner found that plaintiff "exhibited poor effort on grip strength testing", suggesting to the ALJ that "plaintiff has been less than earnest in showing his actual physical abilities." However, a single finding of "poor effort' cannot be conflated with an overall finding of malingering, particularly when the impairment at issue is excess pain in the back and legs, not "grip strength".

Nor can it be fairly concluded that the overall objective medical evidence of record is inconsistent with plaintiff's excess pain allegations, which is the third basis for the ALJ's conclusion. The above reasons comprise the totality of the ALJ's credibility analysis. The court finds that taken singly or together, they are not a clear and convincing basis for discrediting plaintiff's excess pain testimony. Lester v. Chater, 81 F. 3d 821, 834 (9th Cir. 1995).

Moreover, the ALJ ignored key testimony and medical records. Contrary to the ALJ's finding that "providers have treated the claimant's pain conservatively with analgesics, such as Motrin". The ALJ wholly ignored plaintiff's testimony that Motrin "didn't work" (A.R. 47); and that he was later prescribed Vicodin and Tramadol for pain, neither of which alleviated his pain. (A.R.38, 39, 45-48). Medical Records from Martin Luther King Hospital corroborated these prescriptions. (A.R. 257-8, 280, 283).

## CONCLUSION AND ORDER

For the foregoing reasons, the Decision of the Commissioner is reversed and remanded for further proceedings, pursuant to Sentence four of 42 U.S.C. Section 405(g).

DATED: February 19, 2015

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE